IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH COLEMAN, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) Crim. No. 09-83-SLR |
| v. | ) Civ. No. 11-282-SLR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

**MEMORANDUM OPINION**

_____

Kenneth Coleman.  Pro se movant.

Mark Lee.  Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Counsel for respondent.

_____

March 25, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I.     INTRODUCTION

Kenneth Coleman ("movant") is a federal inmate currently confined at the

Petersburg Low Federal Correctional Institution in Petersburg, Virginia.  Movant timely

filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

(D.I. 21)  The government filed an answer in opposition.  (D.I. 44)  For the reasons

discussed, the court will deny movant's § 2255 motion without holding an evidentiary

hearing.

## II.    BACKGROUND

In August 2009, the Grand Jury for the District of Delaware returned a two count

indictment charging movant with distribution of cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(A), and possession with intent to distribute cocaine, in violation

of 21 U.S.C. §§841(a)(1) and (b)(1)(C).  (D.I. 2)  Movant executed a memorandum of

plea agreement and entered a guilty plea to both counts on December 8, 2009.  (D.I.

15) Included in the memorandum of plea agreement was an admission by movant

indicating that:

> (1) on or about April 14, 2009, he distributed a controlled substance;  (2) that he
> distributed the controlled substance knowingly and intentionally;  (3) that the
> controlled substance was a mixture and substance containing a detectible
> amount of cocaine base; and (4) that the controlled substance weighed fifty (50)
> grams or more.

(D.I. 15 at ¶ 4)  Movant further admitted that he was "responsible for at least 50 grams

but less than 150 grams of cocaine base as relevant conduct under U.S.S.G. §

2D1.1(c)(3)." *Id.* On March 15, 2010, the court sentenced movant to seventy-two

months of incarceration.  (D.I. 17 at 2)  Movant did not file a direct appeal.

In November 2010, movant filed a motion for the retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582. (D.I. 18) The court denied the motion on February 7, 2011 (D.I. 18), and movant did not appeal that decision.

In April 2011, movant filed a motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. (D.I. 21) Movant then filed an amendment to his § 2255 motion, which primarily described in more detail the arguments presented in his § 2255 motion. (D.I. 26) In November 2011, movant filed another motion for reduction of sentence pursuant to 18 U.S.C. § 3582. (D.I. 30) Soon thereafter, movant filed a motion to amend his § 2255 motion by including the arguments in his recently filed § 3582 motion, which the court granted. (D.I. 33; D.I. 34) The court also ordered the government to respond to movant's amended § 2255 motion. (D.I. 34) After obtaining defense counsel's affidavit in response to movant's allegations of ineffective assistance, the government filed an answer in opposition.

(D.I. 44)

## III.   DISCUSSION

Movant timely filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and then amended his motion. As amended, the § 2255 motion asserts the following grounds for relief: (1) defense counsel was ineffective for failing to file a notice of appeal as requested; (2) counsel provided ineffective assistance during

2

the plea negotiations;[1] (3) defense counsel did not properly advocate for him at the sentencing hearing; and (4) his sentence should be reduced under the crack/powder disparity amendment to the sentencing guidelines and the Fair Sentencing Act of 2010.

## A. Claims One, Two, and Three: Ineffective Assistance of Counsel

Movant has properly raised his ineffective assistance of counsel allegations in the instant § 2255 motion rather than on direct appeal,[2] and the court must review these arguments pursuant to the two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, movant must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Additionally, in order to sustain an ineffective assistance of counsel claim, movant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is

---

[1]The court has combined claims two and four of movant's amended § 2255 motion into one claim denominated here as claim two. (D.I. 26 at 2)

[2]*See United States v. Garth*, 188 F.3d 99, 107 n.11 (3d Cir. 1999); *United States v. Cocivera*, 104 F.3d 566, 570 (3d Cir. 1996).

highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

### 1. Claim one: counsel did not file a notice of appeal

Movant contends that counsel provided ineffective assistance by failing to file a direct appeal despite movant's request to do so. Movant states that he "told his counsel to file a direct appeal" and that counsel "led [movant] to believe that the direct appeal had been filed and they were just waiting for a response." (D.I. 21 at 4) For the following reasons, the court concludes that this argument does not warrant relief.

As explained in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), ineffective assistance of counsel claims premised on an attorney's failure to file an appeal must be reviewed under a modified version of *Strickland*. First, the reviewing court must determine if counsel consulted with the defendant about an appeal, where "consult" is defined as "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. If counsel did consult with the defendant, and failed to file a notice of appeal despite the defendant's express request or instructions, then counsel's performance is per se deficient. *Id.* at 478. If, however, counsel did not consult with the defendant about an appeal, the reviewing court must determine if counsel had a "duty to consult" with the defendant about an appeal, such that counsel's "failure to consult with the defendant itself constitutes deficient performance."[1] *Id.* In turn, the defendant

---

[1] According to *Flores-Ortega*, counsel has a "constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal; or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Flores-Ortega,* 528 U.S.

4

establishes sufficient prejudice under *Strickland* and *Flores-Ortega* by demonstrating a reasonable probability that he would have timely appealed but for counsel's failure to consult with him about an appeal. *Id.* at 484.

Here, movant does not base the instant ineffective assistance of counsel claim on counsel's failure to consult with him about an appeal. Rather, movant contends that counsel failed to follow his express instructions to file an appeal. Counsel's detailed affidavit contradicts movant's assertion and states that he informed movant of his right to appeal immediately after sentencing. (D.I. 44 at 20) Thus, because counsel did, in fact, consult with movant about his right to appeal, the only issue for the court to determine is whether counsel failed to follow movant's "express instructions with respect to an appeal." *Flores-Ortega*, 528 U.S. at 478.

In his affidavit, counsel refutes movant's claim that he refused to follow movant's request to file an appeal, stating that movant never requested an appeal. (D.I. 44 at 20) According to counsel, he informed movant that he believed the Third Circuit would find the sentence reasonable and affirm it. Counsel explained to movant that his opinion was based on the fact that the court granted the downward adjustments in the offense level as set forth in the plea agreement and the court also granted the defense request for an additional departure or variance based upon movant's personal characteristics pursuant to 18 U.S.C. § 3553(a). Counsel further asserts that movant wrote him six

at 479-80. In determining whether counsel had a duty to consult, the reviewing court must take into account all the information counsel knew or should have known. *Id.* Factors relevant to this inquiry include whether the defendant entered a plea agreement or proceeded to trial, whether the trial court explained defendant's right to appeal, and whether the defendant expressly waived his appellate rights. *Id*; *see also Harrington v. Gillis*, 456 F.3d 118, 126 (3d Cir. 2006).

letters after their post-sentencing meeting, spanning from April 2010 through November 2010, and not one of the letters requested that an appeal be filed or inquired into the status of any appeal. Additionally, movant does not provide, and the record does not contain, any support for his contention that he asked counsel to file an appeal. Accordingly, the court will deny movant's first ineffective assistance of counsel claim as meritless.

### 2. Claim two: counsel provided ineffective assistance during the plea negotiations

In claim two, movant contends counsel's communications with him during the plea process amounted to ineffective assistance because: (1) counsel failed to properly inform movant of the full consequences of his guilty plea, including the accurate length of the sentence, which led to movant signing a plea agreement that "was not in his best interest"; and (2) counsel failed to show him any of the evidence against him. He asserts that a "plea is a deal for less time. Counsel allowed [movant's] 100 grams of cocaine to be turned into 150 kilograms. Based on this alone [movant's] plea did not benefit [him] at all." (D.I. 21 at 6-7)

The record belies movant's assertions. First, attached to counsel's affidavit is a letter from counsel to movant, dated August 18, 2009, that was sent to movant along with copies of discovery received from the government. (D.I. 44 at 23) Among the documents mailed to movant were DEA reports that outlined the investigation into his offense conduct, including reports of the controlled purchases and his confession to the additional drug activity that led to the relevant conduct at sentencing. (D.I. 44 at 16) Counsel's affidavit also states that he reviewed the discovery with movant during

6

various meetings throughout the course of his representation of movant. Given these

circumstances, the court rejects movant's contention that counsel did not "show him any

of the evidence against him."

The court also is not persuaded by movant's contentions that counsel did not

adequately advise him about the implications of the plea and possible sentence.

Notably, counsel's affidavit provides the following detailed description of his

communications with movant during the plea negotiation stage:

> I explained to him that he was charged with the offense of distribution of 50
> grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§
> 841(a)(1) and (b)(1)(A), an offense that carried a mandatory minimum term of
> incarceration of ten (10) years up to life imprisonment, as well as the offense of
> possession with intent to distribute a mixture and substance containing cocaine
> in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C), an offense that carried a
> term of imprisonment of up to twenty (20) years. I further explained to [movant]
> my calculations of what his range of sentence would be under the United States
> Sentencing Guidelines. The discussions regarding the Sentencing Guidelines
> included explanations of ways that [movant] potentially could avoid the
> mandatory minimum ten (10) year term of incarceration he faced on the offense
> of distribution of 50 grams or more of a mixture containing cocaine base in
> violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and minimize his ultimate
> guideline range of sentence. I specifically discussed with [movant] my efforts at
> negotiating a plea in which the government would agree to a three level reduction
> in offense level for his affirmative acceptance of responsibility pursuant to
> U.S.S.G. §§ 3E1.1(a) and (b) and in which the government would acknowledge
> that [movant] qualified for sentencing pursuant to the safety valve provisions of
> U.S.S.G. §§ 2D1.1(b)(11) and 5C1.2, which would result in an additional two
> level reduction in offense level. I also explained that such a plea would permit
> the court to sentence [movant] to a period of incarceration that would be less
> than the (10) year mandatory minimum term of incarceration for a defendant
> convicted of distribution of 50 grams or more of a mixture containing cocaine
> base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), who did not qualify for
> sentencing under the safety valve provisions of the United States Sentencing
> Guidelines.

(D.I. 44 at 17-18).

In turn, counsel describes movant's reaction to his explanation:

7

> [Movant] agreed that it would be in his best interest to attempt to avoid the mandatory ten (10) year term of incarceration he faced and to attempt to minimize his guideline range of sentence. Accordingly, I negotiated a memorandum of plea agreement on behalf of [movant] that included the government's agreement to the three level reduction in offense level for affirmative acceptance of responsibility and the two level reduction in offense level pursuant to the safety valve. Most importantly, by obtaining the government's agreement that [movant] qualified for sentencing pursuant to the safety valve provisions of the sentencing guidelines, [movant] completely avoided being sentenced to the ten (10) year mandatory term of incarceration he faced on his lead offense. I reviewed a final version of the memorandum of plea agreement with [movant], who advised me that he wished to accept the plea offer and further wished to attempt to minimize the period of incarceration that he faced.

*Id.* at 17-18. After viewing counsel's detailed account of his communications with movant in conjunction with movant's vague and unsupported statement, the court concludes that movant has failed to demonstrate that counsel's actions and/or communications were objectively unreasonable.

In addition, movant has failed to demonstrate any prejudice from counsel's communications and/or actions with respect to the plea negotiations. Significantly, movant does not contend that he would have proceeded to trial if defense counsel had communicated with him differently, and he has never requested to withdraw his plea agreement. Movant also does not contend that there was some material issue he wanted counsel to raise during the plea negotiations. Finally, contrary to movant's assertion, he did benefit from entering a guilty plea. As a result of pleading guilty, movant was sentenced to six years of imprisonment, which was well-below the mandatory minimum ten year sentence he faced on the offense of distribution of 50 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§

8

841(a)(1) and (b)(1)(A). For all of these reasons, the court concludes that movant's
second ineffective assistance of counsel claim lacks merit.

### 3. Claim three: counsel provided ineffective assistance during sentencing

In claim three, movant contends that counsel was ineffective during sentencing
because he did not object to the "incorrect base offense level in the PSR." Movant
asserts that his base offense level of "34" was incorrectly calculated because he was
sentenced to "53" grams of crack.[3]  Movant believes that his base offense level should
have started at 30. (D.I. 26 at 5)

Movant erroneously asserts that his starting base level was incorrectly
calculated. After his May 28, 2009 arrest, movant was advised of his *Miranda* rights
and participated in an interview with DEA agents about the extent of his narcotics
activity. (D.I. 46) During this interview, movant admitted that he was responsible for
distributing over 100 kilograms of cocaine from 2006 through May 28, 2009. (D.I. 46)
Movant's plea agreement also contains his express admission that he is responsible for
at least 50 kilograms but less than 150 kilograms of cocaine as relevant conduct under
U.S.S.G. § 2D1.1(c)(3). (D.I. 15 ¶ 6) Thus, as explained by defense counsel, but for
movant's admission, his guideline calculations would have been limited to the drugs
charged in the indictment (50 grams or more of cocaine base).

However, given his admission to the relevant conduct, movant's base offense
level was calculated using drug quantities of 54 grams of cocaine base and 116
kilograms of cocaine. (D.I. 46 at ¶ 23) Because the offense conduct involved two

---

[3]Movant's starting base offense level was actually 36, not 34, and his sentence was
calculated using 54 grams of cocaine base, not 53 grams.

different drugs, each substance was converted into their marijuana equivalents using the Drug Quantity Table under U.S.S.G. ¶ 2D1.1(c)(2). Fifty-four grams of cocaine base has a marijuana equivalent of 1,080 kilograms, and 116 kilograms of cocaine (relevant conduct) has a marijuana equivalent of 23,200 kilograms. The total – 24,280 kilograms of marijuana – yields a base level offense of 36. *Id.* The base level was reduced by two because the offense involved cocaine base. *Id.* Movant also received a two-point safety valve reduction as well as a three-point reduction for acceptance of responsibility. *Id.* at ¶¶ 24, 30. Movant's adjusted offense level was 29, resulting in a guideline range of 87-108 months. *Id.* at ¶¶ 31, 55. Movant was sentenced to 72 months.

It is well-settled that an attorney does not provide ineffective assistance by failing to raise meritless arguments. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Here, because movant's base offense level of 36 was properly determined by using the drug quantities admitted in the plea agreement, counsel's failure to challenge the calculation did not amount to ineffective assistance. In addition, defense counsel successfully argued for a variance at sentencing, as evidenced by the court's imposition of a 72 month sentence. Accordingly, the court will deny claim three as meritless.

### 4. Claim four: movant's sentence should be reduced pursuant to the Fair Sentencing Act of 2010 and Amendment 750

In his final claim, movant asks the court to reduce his term of imprisonment "pursuant to the amendment to 21 U.S.C. 841(b)(1)" and the new 18:1 crack/powder cocaine ratio as opposed to the old 100:1 crack/powder cocaine ratio. (D.I. 30) Liberally construing the claim, movant appears to be making this request pursuant to

10

the Fair Sentencing Act of 2010 and Amendment 750 to the United States Sentencing Guidelines.

As an initial matter, because movant does not allege that his sentence is illegal or unconstitutional, claim four fails to assert a claim cognizable in a § 2255 proceeding. Nevertheless, even if claim four were cognizable, it is unavailing. The FSA, which became effective on August 3, 2010, modified the statutory penalties for crack offenses by reducing the crack-to-powder cocaine sentencing ratio from 100:1 to approximately 18:1. *See United States v. Dixon*, 648 F.3d 195, 196-97 (3d Cir. 2011). It increased the amount of crack cocaine that triggers the five-year mandatory minimum sentence from 5 grams to 28 grams, and increased the amount of crack cocaine that triggers the ten-year mandatory minimum sentence from 50 grams to 280 grams. *See* 21 U.S.C. § 841. Amendment 750, which amended the Sentencing Guidelines in accordance with the FSA, became both effective and retroactive on November 1, 2011. *See* U.S.S.G. App. C, Amends. 750, 759 (Supp. Nov. 2011).

On June 21, 2012, the United States Supreme Court held that the more lenient penalties of the FSA apply to those offenders whose crimes occurred before the effective date of the Act, but who were sentenced after that date. *See Dorsey v. United States*, 132 S.Ct. 2321 (2012). In turn, the Third Circuit has specifically held that the FSA does not apply retroactively to defendants who committed their crimes and were sentenced prior to the FSA's effective date of August 3, 2010. *See United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010). In this case, movant committed his offenses in 2009 and was sentenced on March 15, 2010, both of which were prior to the FSA's effective date of August 3, 2010. Thus, because the FSA cannot be applied

retroactively to movant's case, the sentence imposed was lawful under the statute then in effect. As a result, movant is not entitled to relief under § 2255.

Movant's § 3582 argument involving Amendment 750 is equally unavailing. The Third Circuit has held that a defendant is eligible for a sentence reduction under § 3582(c)(2) only if there is an amendment that has the effect of lowering the defendant's sentencing range actually used at sentencing. *See United States v. Thompson*, 682 F.3d 285, 287 (3d Cir. 2012). As explained by the government in its answer, Amendment 750 is inapplicable to movant's case because it does not reduce his base level and subsequent sentencing range. More specifically, the 54 grams of cocaine base was converted using the pre-FSA Drug Equivalency Table under U.S.S.G. § 2D1.1(c)(2), and yielded a marijuana equivalent of 1,080 kilograms. With the current Drug Equivalency Table, 54 grams of cocaine base is worth 192 kilograms of marijuana. However, this reduction does not affect movant's base offense level because he is still accountable for the 116 kilograms of cocaine that was considered as relevant conduct. The 116 kilograms of cocaine is worth 23,200 kilograms of marijuana, which means that movant's total base offense level is still 36, just as it was under the pre-FSA calculation. Thus, even if treated as a request under § 3582, movant's argument does not warrant relief.

Movant's reliance on *Spears v. United States*, 555 U.S. 261, 265-66 (2009) does not alter the court's conclusion. In *Spears*, the Supreme Court held that sentencing courts may decline to apply the advisory guidelines based on policy disagreements and apply different crack-to-powder ratios when considering the 18 U.S.C. § 3553(a) factors at sentencing. Notably, however, *Spears* is not retroactively applicable on collateral

12

review. In turn, because *Spears* involved an original sentencing proceeding, even if movant "qualified for a sentence reduction under § 3582(c)(2), he would not be entitled to a full-scale resentencing where the court might depart pursuant to *Spears*." *United States v. Sapp*, 494 F. App'x 274, 276 (3d Cir. 2012).

For all of these reasons, the court will deny claim four.

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255*; see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief because his arguments lack merit. Therefore, the court will deny movant's § 2255 motion without an evidentiary hearing.

## V. CONCLUSION

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2)("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529

13

U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2 (2011).  An appropriate

order will follow.

14